U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - ALEXANDRIA

JAN 1 8 2007

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| JONATHAN AND KIMBERLY BARRAS | : | DOCKET NO. 06-2000 |
| VS. | : | JUDGE TRIMBLE |
| COMMUNITY HOME LOAN, LLC, ET AL | : | MAGISTRATE JUDGE WILSON |

### MEMORANDUM RULING

Before the Court is a "Motion to Dismiss Stewart Mortgage Information Company Under Rule 12(b)" (doc. #36). Defendant, Stewart Mortgage Information Company ("Stewart") moves to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure because Plaintiffs' petition fails to state a cause of action upon which relief can be granted.[1] Plaintiff has filed no opposition. For the reasons set forth below, the motion will be granted.

### FACTUAL STATEMENT

Plaintiffs, Jonathan and Kimberly Barras, make the following allegations in their Petition for Damages: Plaintiffs own a home in Lake Charles. On or about September 24, 2004, plaintiffs, through their agent and attorney-in-fact, Lynda Ellis d/b/a Woodlands Property Management, executed a mortgage on their property in favor of defendant, Community Home Loan, LLC ("Community"). Prior to the closing, Community contracted with Stewart to perform a Standard Flood Hazard Determination ("SFHD") as directed by the Federal Emergency Management Agency ("FEMA"). The SFHD was performed by Stewart on September 17, 2004.

---

[1] Fed. Rule Civ. P. § 12(b).

Stewart determined that Plaintiffs' property was located in Flood Zone "X", which as determined by FEMA, was not located in a special flood hazard area. Based on this determination, Community did not require Plaintiffs to obtain flood insurance on the property, nor did Plaintiffs obtain flood insurance.

Shortly thereafter, Community sold Plaintiffs' loan to JPMorgan Chase & Co., through Chase Home Finance, LLC ("Chase"). Chase contracted with defendant, Quantrix, LLC to perform a flood determination of the property. Again, Quantrix determined that as determined by FEMA, the property was not located in a special flood hazard area and flood insurance was not required to be purchased by Plaintiffs.

On September 24, 2005, Hurricane Rita struck. The hurricane and subsequent flood waters destroyed Plaintiffs home. After the hurricane destroyed their home, Plaintiffs contacted Chase to inquire about flood insurance on their property. Again, they were informed that the property was not located in a Special Flood Hazard Area and were not required by Chase to purchase flood insurance.

On October 14, 2005, at the request of Plaintiffs, Knapp Land surveying performed a site inspection of the property. The survey indicated that the property was indeed located within Flood Zone "AE" which is described by FEMA as a "special flood hazard area inundated by 100-year flood" on FEMA Panel No. 220040-0010E dated July 3, 1997. Hence, Plaintiffs allege their property was clearly in a special flood hazard area and should have been designated as such by both Stewart and Quantrix. Plaintiffs complain that had the flood determinations been performed correctly, they would have been required to purchase flood insurance and their home would have been covered by the insurance when Rita destroyed their home.

## RULE 12 (b)(6) STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows dismissal of a complaint when it fails to state a claim upon which relief can be granted. In considering a Rule 12(b)(6) motion, the Court must accept the factual allegations of the complaint as true and resolve any ambiguities or doubts regarding the sufficiency of the claim in plaintiff's favor.[2] "In order to avoid dismissal for failure to state a claim, a plaintiff must plead specific facts, not mere conclusory allegations. . . ."[3] "Legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."[4] "[T]he complaint must contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial."[5]

## LAW AND ANALYSIS

Stewart maintains that pursuant to both state and federal law, it owed no duty to Plaintiffs. Thus, because Plaintiffs have failed to state a claim upon which relief can be granted, the claims against it should be dismissed. Stewart asserts that the basis for Plaintiffs' allegations of negligence are derived from the National Flood Insurance Act of 1968 ("NFIA").[6]

The NFIA authorizes the federal government to establish the National Flood Insurance

---

[2] *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *Fernandez-Montes v. Allied Pilots Ass'n.* 987 F.2d 278, 284 (5th Cir. 1993); *Brumberger v. Sallie Mae Servicing Corp.*, 2003 WL 1733548, *1 (E.D. La. March 28, 2003).

[3] *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992).

[4] *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995).

[5] *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995).

[6] And its amendments and successor acts.

Program ("NFIP"). Under this program property owners could voluntarily purchase flood insurance from the federal government because private insurers were unable to offer reasonably-priced flood insurance. In 1973, Congress amended the NFIA and enacted the Flood Disaster Protection Act (the "Act").[7] The Act requires flood insurance for loans secured by improved real estate within a federally-created Special Flood Hazard Area ("SFHA"). The Act further mandates banks and similar lending institutions ("Regulated Lenders") to determine whether a property is located in a SFHA and, if so, ensure that flood insurance is obtained.[8] Congress then enacted the National Flood Insurance Reform Act of 1994 ("NFIRA"). NFIRA amended 42 U.S.C. § 4001 *et seq.* by imposing new obligations on both mortgage originators and servicers.

The Act allows Regulated Lenders to delegate to third parties the task of determining whether a particular piece of property falls within a SFHA.[9] Companies, such as Stewart, contract with Regulated Lenders, such as Community, to make flood zone determinations. The flood determination document prepared by Stewart entitled "Federal Emergency Management Agency Standard Flood Hazard Determination" contains the following pertinent provision:

> **This flood determination is provided solely for the use and benefit of the entity named in Section 1, Box 1 in order to comply with the Flood Insurance Reform Act of 1994, and** *may not be used or relied upon by any other entity or individual for any purpose, including, but not limited to, deciding whether to purchase a property or determining the value of a property.* (emphasis added)

Also, the Act does not prevent borrowers from purchasing flood insurance regardless of any flood zone determination.

---

[7] 42 U.S.C. § 4012a(b)(1).

[8] 42 U.S.C. § § 4104a and 4012a(b)(1); 42 U.S.C. § § 4001-4129 (2006).

[9] 42 U.S.C. § 4104b(d).

Stewart has cited numerous cases which have unanimously held that the Act does not create a private cause of action for borrowers for alleged inaccurate flood determinations, either against the Regulated Lenders or against flood determination companies such as Stewart.[10] Other Courts have also held that borrowers have no claim against the flood determination company for an erroneous flood determination.[11] Courts have likewise held that the Act does not give a private cause of action under state law for negligence *per se*.[12] Plaintiffs have failed to state a cause of action in order to preclude dismissal of the claims it has alleged against Stewart.

## CONCLUSION

For the reasons set forth above, the motion to dismiss filed by defendant, Stewart Mortgage Information Company, will be dismissed.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 13th day of January, 2007.

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE

---

[10] *Wentwood Woodside v. GMAC Commercial Mortgage Corp.*, 419 F.3d 310 (5th Cir. 2005); *Till v. Uniferst Federal Savings and Loan Ass'n.*, 653 F.2d 152 (5th Cir. 1981); *Clade v. Stone Ins., Inc.*, 2006 WL 2366373 (E.D.La.)(stating no implied private right of action exists under the National Flood Insurance Program).

[11] *Callahan v. Countrywide Home Loans, Inc.*, 2006 WL 2993178 (N.D. Fla. 2006); *Ford v. First American Flood Data Servs., Inc.*, 2006 WL 2921432 (M.D.N.C. 2006)(October 11, 2006); *Cruey, et al v. First American Flood Data Servs., Inc.*, 174 F.Supp.2d 525, 529 (E.D. Ky. 2001).

[12] *Wentwood*, 419 F.3d at 323. See also *Ford, supra; Brill v. Northern Calif. Sav. & Loan Ass'n.*, 555 F.Supp. 566, 567-568 (N.D. Cal. 1982); *Laurent v. Flood Data Servs., Inc.*, 766 N.E.2d 221 (Oh.App. 2001); *Pippin v. Burkhalter*, 279 S.E.2d 603, 604 (S.C. 1981); *Dollar v. NationsBank of Georgia, N.A.*, 244 Ga.App. 116, 534 S.E.2d 851 (Ga. 2000).