U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - ALEXANDRIA

JUN 2 1 2007

ROBERT H. SHEMWELL, CLERK
BY _____
       DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| JONATHAN & KIMBERLY BARRAS | : | DOCKET NO. 06-2000 |
| VS. | : | JUDGE TRIMBLE |
| COMMUNITY HOME LOAN, STEWART CHASE BANK, N.A. AND/OR CHASE HOME FINANCE, LLC, QUANTRIX, LLC, LYNDA ELLIS D/B/A WOODLANDS PROPERTY MANAGEMENT, KARLA KAY HUNT AND SHELTER INSURANCE COMPANY | : | MAGISTRATE JUDGE WILSON |

## MEMORANDUM RULING

Before the Court is a "Motion for Summary Judgment" (doc. #46) filed by Lynda Ellis d/b/a Woodlands Property Management ("Woodlands"), wherein the mover maintains that it is entitled to summary judgment pursuant to Federal Rules of Civil Procedure 56 because there is no genuine issue of material fact and mover is entitled to judgment as a matter of law. The time for filing a response has expired, and Plaintiff does not oppose this motion.

## FACTUAL STATEMENT

Plaintiffs, Jonathan and Kimberly Barras, make the following allegations in their Petition for Damages: Plaintiffs own a home in Lake Charles on Terry Lane. On or about September 24, 2004, Plaintiffs, through their agent and attorney-in-fact, Lynda Ellis, d/b/a Woodlands Property Management, executed a mortgage on Barras' property in favor of defendant, Community Home Loan, LLC ("Community"). Prior to the closing, Community contracted with Stewart to perform

a Standard Flood Hazard Determination ("SFHD") as directed by the Federal Emergency Management Agency ("FEMA"). The SFHD was performed by Stewart on September 17, 2004.

Stewart determined that Plaintiffs' property was located in Flood Zone "X", which as determined by FEMA, was not located in a special flood hazard area. Based on this determination, Community did not require Plaintiffs to obtain flood insurance on the property, nor did Plaintiffs obtain flood insurance.

Shortly thereafter, Community sold Plaintiffs' loan to JP Morgan Chase & Co., through Chase Home Finance, LLC ("Chase"). Chase contracted with defendant, Quantrix, LLC to perform a flood determination of the property. Again, Quantrix concluded that as determined by FEMA, the property was not located in a special flood hazard area and flood insurance was not required to be purchased by Plaintiffs.

On September 24, 2005, Hurricane Rita struck. The hurricane and subsequent flood waters destroyed Plaintiffs' home. After the hurricane destroyed their home, Plaintiffs contacted Chase to inquire about flood insurance on their property. Again, they were informed that the property was not located in a Special Flood Hazard Area and were not required by Chase to purchase flood insurance.

On October 14, 2005, at the request of Plaintiffs, Knapp Land surveying performed a site inspection of the property. The survey indicated that the property was indeed located within Flood Zone "AE" which is described by FEMA as a "special flood hazard area inundated by 100-year flood" on FEMA Panel No. 220040-0010E dated July 3, 1997. Hence, Plaintiffs allege their property was clearly in a special flood hazard area and should have been designated as such by both Stewart and Quantrix. Plaintiffs complain that had the flood determinations been performed correctly, they would have been required to purchase flood insurance and their home would have been covered by

the insurance when it was destroyed by Rita.

Plaintiffs specifically complain that Woodlands was negligent in the following particulars: in not representing Plaintiffs' interests in anticipation of the loan closing; that it was her responsibility as agent and attorney-in-fact to obtain the necessary insurance coverage for the property; and that Ms. Ellis (Woodlands) had information indicating that the property was in a special flood hazard area before and after the loan closing, but never told Plaintiffs. Plaintiffs prayed that their mortgage be declared invalid and that they be awarded damages for the full value of the home on Terry Lane and for resultant damages such as lost rental income, attorney fees and costs.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, when viewed in the light most favorable to the non-moving party, indicate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[1] A fact is "material" if its existence or nonexistence "might affect the outcome of the suit under governing law."[2]  A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party.[3] As to issues which the non-moving party has the burden of proof at trial, the moving party may satisfy this burden by demonstrating the absence of evidence supporting the non-moving party's claim."[4] Once the movant makes this showing, the burden shifts to the non-moving

---

[1] Fed. R.Civ. P. 56(c).

[2] *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986).

[3] *Stewart v. Murphy,* 174 F.3d 530, 533 (5th Cir. 1999).

[4] *Vera v. Tue,* 73 F.3d 604, 607 (5th Cir. 1996).

party to set forth specific facts showing that there is a genuine issue for trial.[5] The burden requires more than mere allegations or denials of the adverse party's pleadings. The non-moving party must demonstrate by way of affidavit or other admissible evidence that there are genuine issues of material fact or law.[6] There is no genuine issue of material fact if, viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party.[7] If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."[8]

## LAW AND ANALYSIS

Plaintiffs allege in their complaint that Woodlands was negligent in that it failed to obtain flood insurance on their behalf at the closing in which Plaintiffs had appointed Ms. Ellis (d/b/a Woodlands) as their attorney-in-fact.[9] Woodlands maintains that the power of attorney only authorized Ms. Ellis to close the loan and did not authorize her to obtain insurance on the property. Woodlands submits as summary judgment evidence the power of attorney which expressly states that the agent was to "appear before any Notary Public and execute any and all documents or instruments necessary to complete the mortgage and financing of the properties. . . ."[10]

Woodlands also submits as summary judgment evidence the Woodlands Property

---

[5] *Anderson,* 477 U.S. at 249.

[6] *Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986).

[7] *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986).

[8] *Anderson,* 477 U.S. at 249-50.

[9] Ms. Ellis executed the loan refinancing documents with Community Home Loan on September 24, 2004.

[10] Exhibit B to Woodlands Exhibit 2, p. 1.

Management Co. Management Agreement ("management agreement") which obligates the Plaintiff, Jonathan Barras to obtain insurance on the Terry Lane property.[11] The management agreement expressly states that the Owner (defined as Plaintiff, Jonathan Barras) was responsible for obtaining and keeping in force "such insurance, as Owner shall reasonably deem adequate, against physical damage (e.g., fire with extended coverage endorsement, boiler and machinery, etc.) and against liability for loss, damage, or injury to property or persons which might arise out of the occupancy, management, operation, or maintenance of the Premises, ..."[12] The management agreement further states that the "[a]gent (defined as Woodlands) assumes no liability whatsoever for any acts or omissions of Owner, or any previous owner of the Premises,..."[13]

Finally, Woodlands maintains that there is no evidence that Ms. Ellis had any information that would indicate that the property was in a special flood hazard area before and after the loan closing. Woodlands submits summary judgment evidence that Plaintiffs had such knowledge for years and had maintained flood insurance on the property until March of 1999, at which time Jonathan Barras chose not to continue carrying flood coverage.[14]

Plaintiffs have not responded to this motion, therefore, the facts submitted by Woodlands are undisputed. Woodlands was not authorized nor was it obligated to obtain flood insurance on behalf of Plaintiffs. The management agreement obligated Plaintiffs to obtain such insurance. After

---

[11] Exhibit A to Woodlands Exhibit 2.

[12] *Id.* at p. 4, ¶ 10.

[13] *Id* at p. 4, ¶ 11.

[14] Omaha Property and Casualty Policy, attached to Woodlands Exhibit 1. The Omaha Policy states that the property is zoned as A06.

March 1999, Plaintiffs declined to obtain flood insurance. Woodlands had no knowledge, nor did it have reason to know that the property was in a special flood zone. Based on those undisputed facts, the Court finds that Woodlands had no duty to obtain flood insurance on behalf of Plaintiffs and cannot be found negligent for failing to obtain flood insurance.

## CONCLUSION

For the reasons set forth above, the motion for summary judgment filed by Lynda Ellis d/b/a Woodlands Property Management will be granted dismissing with prejudice all claims against this defendant at Plaintiffs' costs.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 21st day of June, 2007.

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE