UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| JONATHAN BARRAS, ET AL | : | DOCKET NO. 06-2000 |
| VS. | : | JUDGE TRIMBLE |
| COMMUNITY HOME LOAN, LLC, ET AL | : | MAGISTRATE JUDGE WILSON |

### MEMORANDUM RULING

Before the Court is a "Motion for Summary Judgment" (doc. #50) filed by defendant, Karla K. Hunt and Shelter Insurance Company, wherein the movers seek to have summary judgment rendered in their favor pursuant to Federal Rule of Civil Procedure 56 dismissing all claims against them, with prejudice, at plaintiffs' costs. Plaintiffs have filed no opposition to this motion.

### FACTUAL STATEMENT

Plaintiffs, Jonathan and Kimberly Barras, make the following allegations in their Petition for Damages: Plaintiffs own a home in Lake Charles on Terry Lane. On or about September 24, 2004, Plaintiffs, through their agent and attorney-in-fact, Lynda Ellis, d/b/a Woodlands Property Management, executed a mortgage on Barras' property in favor of defendant, Community Home Loan, LLC ("Community"). Prior to the closing, Community contracted with Stewart to perform a Standard Flood Hazard Determination ("SFHD") as directed by the Federal Emergency Management Agency ("FEMA"). The SFHD was performed by Stewart on September 17, 2004.

Stewart determined that Plaintiffs' property was located in Flood Zone "X", which as determined by FEMA, was not located in a special flood hazard area. Based on this determination,

Community did not require Plaintiffs to obtain flood insurance on the property, nor did Plaintiffs obtain flood insurance.

Shortly thereafter, Community sold Plaintiffs' loan to JP Morgan Chase & Co., through Chase Home Finance, LLC ("Chase"). Chase contracted with defendant, Quantrix, LLC to perform a flood determination of the property. Again, Quantrix concluded that as determined by FEMA, the property was not located in a special flood hazard area and flood insurance was not required to be purchased by Plaintiffs.

On September 24, 2005, Hurricane Rita struck. The hurricane and subsequent flood waters destroyed Plaintiffs' home. After the hurricane destroyed their home, Plaintiffs contacted Chase to inquire about flood insurance on their property. Again, they were informed that the property was not located in a Special Flood Hazard Area and were not required by Chase to purchase flood insurance.

On October 14, 2005, at the request of Plaintiffs, Knapp Land surveying performed a site inspection of the property. The survey indicated that the property was indeed located within Flood Zone "AE" which is described by FEMA as a "special flood hazard area inundated by 100-year flood" on FEMA Panel No. 220040-0010E dated July 3, 1997. Hence, Plaintiffs allege their property was clearly in a special flood hazard area and should have been designated as such by both Stewart and Quantrix. Plaintiffs complain that had the flood determinations been performed correctly, they would have been required to purchase flood insurance and their home would have been covered by the insurance when it was destroyed by Rita.

Plaintiffs specifically allege that Karla K. Hunt as an agent and producer of Shelter Insurance Company, had information on the subject property which indicated that it was located in a Special

Flood Hazard Area prior to and subsequent to the loan closing which was never relayed to Plaintiffs.[1]

Plaintiffs further allege that Shelter Insurance notified Karla Kay Hunt that the flood policy was set to expire and that Karla Kay Hunt failed to "take the necessary steps in making certain that Plaintiffs' property was covered under a flood policy when she had information that it was located in s Special Flood Hazard Area, and did [sic] ensure that said policy did not lapse."[2]

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, when viewed in the light most favorable to the non-moving party, indicate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[3] A fact is "material" if its existence or nonexistence "might affect the outcome of the suit under governing law."[4] A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party.[5] As to issues which the non-moving party has the burden of proof at trial, the moving party may satisfy this burden by demonstrating the absence of evidence supporting the non-moving party's claim."[6] Once the movant makes this showing, the burden shifts to the non-moving

---

[1] Complaint, ¶ 16.

[2] Complaint, ¶¶ 17-18.

[3] Fed. R.Civ. P. 56(c).

[4] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

[5] *Stewart v. Murphy*, 174 F.3d 530, 533 (5th Cir. 1999).

[6] *Vera v. Tue*, 73 F.3d 604, 607 (5th Cir. 1996).

party to set forth specific facts showing that there is a genuine issue for trial.[7] The burden requires more than mere allegations or denials of the adverse party's pleadings. The non-moving party must demonstrate by way of affidavit or other admissible evidence that there are genuine issues of material fact or law.[8] There is no genuine issue of material fact if, viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party.[9] If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."[10]

## LAW AND ANALYSIS

Karla K. Hunt and Shelter Insurance Company present the following relevant undisputed facts: When the policy of flood insurance on the Terry Lane property owned by Plaintiffs came up for renewal for the policy period ending on February 27, 1999, the Barras' did not pay the premium for renewal for the policy. A flood Insurance Expiration Notice was sent to Jonathan Barras prior to the expiration date.[11] A second notice was sent to Mr. Barras stating that the flood insurance policy expired on February 27, 1999.[12] On March 10, 1999, Ms. Hunt called and spoke with Mrs. Barras by telephone and advised her that the flood insurance policy premium had not been paid and that it expired on February 27, 1999. Mrs. Barras spoke with Mr. Barras while Ms. Hunt was still

---

[7] *Anderson*, 477 U.S. at 249.

[8] *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

[9] *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

[10] *Anderson*, 477 U.S. at 249-50.

[11] Exhibit A to motion for summary judgment.

[12] *Id.*

on the phone, and Ms. Barras advised that Mr. Barras did not want to keep flood insurance on the property located at 969 Terry Lane. Ms. Hunt documented this conversation.[13]

Following this conversation, no documents pertaining to flood insurance were sent to the Barras', and Ms. Hunt had no further contact with them regarding the topic of flood insurance coverage on the property. Ms. Hunt took no further efforts to procure any flood insurance on the property.

Insurance agents have only a duty to use reasonable diligence in attempting to place the insurance requested by the insured.[14] Furthermore, "[p]assive reliance on an insurance agent to spontaneously identify a client's needs and advise him as to whether he is underinsured or carries the right type of coverage is insufficient to state a claim against an agent under Louisiana law."[15]

Plaintiffs can not prove that any action or inaction of Karla K. Hunt and/or Shelter Insurance caused damage to Plaintiffs. The summary judgment evidence establishes without dispute that Plaintiffs had the same knowledge regarding prior flood insurance that Ms. Hunt and Shelter Insurance had. Furthermore, as to Ms. Hunt, Louisiana law requires that the agent must have exceeded her authority or personally bound herself to be liable.[16] There are no allegations, nor evidence that Ms. Hunt either exceeded her authority or personally bound herself to be liable.

The Court concludes that the claims against Karla Kay Hunt and Shelter Insurance must be

---

[13] *Id.*

[14] *Karam v. St. Paul Fire & Marine Ins. Co.*, 281 So.2d 728, 730 (La. 1973).

[15] *Dobson v. Allstate Ins. Co.*, 2007 WL 854312, p.1 (E.D. La. 3/19/2007).

[16] See *Jones v. State Farm Fire & Casualty Company*, 2007 WL 1428705 (E.D. La. 5/11/2007.

dismissed because Plaintiffs cannot establish a necessary element of their claim – causation, and because Plaintiffs have not allege nor proven that Ms. Hunt either exceeded her authority or personally bound herself to be liable. Because these claims against these defendants will be dismissed in their entirety, the Court does not deem it necessary to address Defendant's argument of peremption under Louisiana Revised Statute 9:5606.

## CONCLUSION

For the reasons set forth above, the motion for summary judgment will be granted dismissing with prejudice all claims against Karla Kay Hunt and Shelter Insurance Company at Plaintiffs' costs.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 24th day of July, 2007.

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE